UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>                   Plaintiff,<br><br>         v.<br><br>BURNS, *et al.*,<br><br>                   Defendants. | Case No.: 1:20-cv-00968-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Richard Armenta ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint and granted leave to amend. (ECF No. 1, 10.) Plaintiff's first amended complaint, filed on September 14, 2020, is currently before the Court for screening. (ECF No. 11.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations in Complaint**

Plaintiff is currently housed in California Men's Colony in San Luis Obispo, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison in Corcoran, California.  Plaintiff names as defendants (1) D. Burns, Correctional Captain, and (2) L. Carroll, Appeals Coordinator.

In claim 1, Plaintiff alleges in June 2019, he filed a 602 appeal that Plaintiff's life was in substantial danger due to enemy concerns.  The appeal was accepted at the first and second level by Appeals Coordinator Carroll. Plaintiff alleges his life was in substantial danger at Corcoran and "defendant prison officials failed to take adequate measures to safely house Plaintiff within prison population when they housed plaintiff with fellow inmates who pose an unreasonable risk to Plaintiff's health and safety." (ECF No. 11 p. 4 of 27.)  Plaintiff feared for his life and Defendant Carroll ignored Plaintiff's request for help by losing and misplacing Plaintiff's 602 appeal.   In May 2020, Plaintiff received a memo that Plaintiff's appeal was lost or it was destroyed.  This prevented Plaintiff from being able to present his claims.

Losing his appeals chilled Plaintiff's exercise of his First Amendment rights and the action did not reasonably advance legitimate correctional goals.  Defendant Carroll had a duty to process his 602 appeal and interview prisoners and failed to do so which put Plaintiff's life in

danger. Defendant Carroll impeded Plaintiff's ability to compile evidence through the appeals process. Plaintiff is entitled to show that his life is being put in danger (ECF No. 11, p. 5 of 27.) Plaintiff alleges that Defendant Carroll and Burns violated Plaintiff's First Amendment rights to redress his grievances, as they have lost or destroyed his grievances. They have interfered with Plaintiff's access to the courts.

Plaintiff filed a 602 about the lost 602. Defendant Burns was in charge of reviewing and interviewing Plaintiff regarding the appeal. Defendant Burns failed to protect Plaintiff as Defendant Burns lost Plaintiff's appeal and Plaintiff's pleas of help were ignored and impeded Plaintiff's access to the courts. Defendant Burns is believed to be directly responsible for discarding Plaintiff's inmate appeal, which is an abuse of power. (ECF No. 11, p. 6 of 27.) Defendant Burns and Carroll "were aware that the inmate appeals process was the central provider of a view into the internal operations of problems within the prison and Plaintiff's safety." By losing his appeal, Plaintiff was without adequate system for the courts to be able to evaluate his case. Burns and Carroll set up a written policy of setting artificial barriers and obstacles to deny Plaintiff meaningful access to the courts. Plaintiff alleges that Defendants Burns and Carroll acted deliberately indifferent by failing to act on the information contained in his appeal which alerted them to his enemy concerns. Defendant Carrol and Burns denied and obstructed Plaintiff's grievance so that Plaintiff could not properly litigate his section 1983 complaint. (ECF No. 11, p.9 of 27.) They denied Plaintiff's ability to present his claim to the courts. Plaintiff says that Defendants have lost all of Plaintiff's documents, exhibits, regarding the failure to protect.

Plaintiff was housed in A-yard where Defendant Burns was captain. Plaintiff alleges that at the time he filed his appeal, Defendant Burns was clearly aware Plaintiff's life was in danger and failed to act.

Plaintiff alleges a denial for access to the courts for discarding Plaintiff's inmate grievance and denying adequate access to the courts. Defendant Carroll used dishonest and unethical methods to screen out the 602 appeal so that it would never be processed. Plaintiff alleges that

3

Defendants Carroll and Burns treated Plaintiff differently from others similarly situated by losing, destroying Plaintiff appeal.

Plaintiff seeks compensatory and punitive damages.

### III.     Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided the relevant pleading and legal standards, Plaintiff has been unable cure the pleading deficiencies.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. In fact, the first amended complaint includes fewer factual allegations than Plaintiff's original complaint.  Plaintiff was forewarned that any subsequently pleading supersedes the original complaint.  It is unclear in the first amended complaint what happened, when it happened and who was involved. Fed. R. Civ. P. 8.  Plaintiff has been unable to cure this deficiency.

### B.  Appeal/Grievance Procedure

In his complaint, Plaintiff alleges his appeals were lost which resulted in his denial of access to the courts.  Insofar as any of his claims are based on the processing and resolution of his appeals/grievances, Plaintiff's complaint fails to state a cognizable claim.

As Plaintiff has been informed, Plaintiff does not have a constitutionally protected right to

have his appeals accepted or processed.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Givens v. Cal. Dep't of Corr. & Rehab., No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.")  Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way.  Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right.  See Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); Givens, 2019 WL 1438068, at *4; Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).  As a result, Plaintiff may not impose liability on a defendant simply because the defendant played a role in processing Plaintiff's inmate appeals or grievances. See Buckley, 997 F.2d at 495 (because an administrative appeal process is only a procedural right, no substantive right is conferred, no constitutional protections arise, and the "failure to process any of Buckley's grievances … is not actionable under section 1983.").

Plaintiff fails to state a cognizable claim for the manner in which his 602 grievance was handled and subsequently lost.  The procedural process for the 602 is not constitutionally protected.  Plaintiff also fails to state a cognizable claim for the alleged inability to view "the inmate appeals process was the central provider of a view into the internal operations of problems within the prison and Plaintiff's safety." Plaintiff does not have a constitutionally protected right to access to information from the 602 grievance process to build a federal case for judicial review.

Plaintiff's apparent argument that anyone who knows about a potential violation of the Constitution from a 602 appeal, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a

prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005); accord Mwasi v. Corcoran State Prison, No. 113CV00695DADJLTPC, 2016 WL 5210588, at *17 (E.D. Cal. May 20, 2016), report and recommendation adopted sub nom. Mwasi v. Prison, No. 113CV00695DADJLT, 2016 WL 5109461 (E.D. Cal. Sept. 19, 2016) (Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability).

Although exhaustion is not required "when circumstances render administrative remedies 'effectively unavailable,' " Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citation omitted), the Ninth Circuit requires "a good-faith effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable," Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012).

Even if the 602s could provide liability for a Defendant who reviews them, Plaintiff's 602 do not provide any factual information. Plaintiff attached his 602s as exhibits to the first amended complaint. These 602s do not give any factual support for the underlying claim of failure to protect Plaintiff from injuries. Rather, the 602s complain of the 602s being lost and not processing Plaintiff's 602 appeal properly. There are no facts from which the Court can determine that Plaintiff's 602 appeals gave any defendant notice of Plaintiff's concern about enemies. This deficiency cannot be cured by amendment.

**C. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth

Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

While Plaintiff names Defendant Carroll and Defendant Burns, Plaintiff fails to allege what each defendant did or did not do that resulted in a violation of his constitutional rights in failing to protect him.  Rather, Plaintiff's allegations focus on Defendant Carroll's and Burns' conduct in losing and not processing Plaintiff's 602 appeals.  This conduct does not give rise to a constitutional violation.  Plaintiff has been unable to cure this deficiency.

### D.    Failure to Protect

Although it is not clear from Plaintiff's complaint, it appears that Plaintiff may be attempting to allege a failure to protect Plaintiff from known enemies.

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).   To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Plaintiff was cautioned that in any amended complaint, Plaintiff must name the individuals who he contends failed to protect him. He was told that Plaintiff must allege what happened and who was involved and link each named individual to the alleged constitutional violations. Plaintiff has failed to do so. He has not alleged what Defendant Burn or Defendant Carroll did or did not do that subjected Plaintiff to injury from unknown enemies. Indeed, the allegations do not assert that Plaintiff was injured at all or that he was attacked in any way. Plaintiff has not been able to cure the allegations that Defendant Burns and Defendant Carroll knew that Plaintiff faced a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

**E. Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendant Burns, or any other defendant, based on his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."

Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has been unable to cure this deficiency.

## IV.     Conclusion and Recommendation

For the reasons stated, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief under section 1983. Despite being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2020**            /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE